IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No. |
| v. | ) ) |
| | ) COMPLAINT |
| MICHAEL J. WAGGONER, | ) JURY TRIAL DEMAND |
| (doing business as Subway Sandwiches and Salads ) | ) |
| Defendant. | ) ) |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation for protected opposition activity and to provide appropriate relief to M. Doe (Ms. Doe, a minor) who was adversely affected by such practices. Defendant discharged Ms. Doe in retaliation for her and her family's opposing and reporting sexual harassment and she suffered resulting damages.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("CRA of 1991").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Michael J. Waggoner has been doing business as Subway Sandwiches and Salads in the State of Pennsylvania and City of Butler, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the initiation of this lawsuit, M. Doe, a minor, filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September, 2005, Defendant Employer engaged in unlawful employment practices at its Butler, Pennsylvania facility in violation of Section 704(a) of Title VII, 42 U.S. C. § 2000e-3(a). Such practices include Defendant's discharging Ms. Doe in retaliation for her and her family's opposing and reporting sexual harassment and she suffered resulting damages

8. The effect of the practices complained of in paragraph 8 above has been to deprive Ms.Doe of equal employment opportunities and otherwise adversely affect her status as an employee because of her and her family's protected opposition activity.

2

9. The unlawful employment practices complained of in paragraph 8 above were intentional and were done with malice or with reckless indifference to the federally protected rights of Ms. Doe.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, his officers, successors and assigns, and all other persons in active concert or participation with him, from retaliating against Ms. Doe and all other employees similarly situated, for their protected opposition activity, including without limitation, by discharging Ms. Doe for her and her family's opposing and reporting sexual harassment and from engaging in any other employment practice which discriminates on the basis of retaliation.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities, terms, conditions and privileges of employment for employees who have opposed unlawful employment practices and which eradicate the effects of his past unlawful employment practices.

C. Order Defendant Employer to make whole Ms. Doe by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Ms. Doe whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices describe above, including, but not limited to, her losses resulting from humiliation and embarrassment, in amounts to be determined at trial.

E.  Order Defendant to pay Ms. Doe punitive damages for his malicious and reckless conduct described above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
WASHINGTON, DC


    s/Jacquelin H. McNair by Consent
JACQUELINE H. MCNAIR
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PHILADELPHIA, PA

4

   s/C. Larry Watson by Consent
C. LARRY WATSON (OH 0031443)
Associate Regional Attorney

   s/Jeffrey A. Stern
JEFFREY A. STERN (OH 0020107)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Cleveland Field Office
The AJC Federal Office Building
1240 East 9th Street, Room 3001
Cleveland, Ohio 44199
(216) 522-7458 (Stern)
(216) 522-7455 (Watson)
(216) 522-7430 (Facsimile)
Jeffrey.Stern@eeoc.gov (Email)
Larry.Watson@eeoc.gov (Email)


   s/M. Jean Clickner by Consent
M. JEAN CLICKNER
Senior Trial Attorney
Pa. Id. No. 42738
U.S. EEOC, Pittsburgh Area Office
 Liberty Center, Suite 300
1001 Liberty Avenue
 Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (Facsimile)
Email: jean.clickner@eeoc.gov